UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSO BAILEY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>D. HOLLISTER ID. NO. 3662, WILLIAM LANSDOWNE, RUDY RESCH, Star Towing, GEORGE VALUERDE, SAN DIEGO COUNTY SHERIFF DEPUTY NO. 1373; WILLIAM KOLENDER, 5 UNKNOWN POLICE AND SHERIFF DEPUTIES,<br>　　　　　Defendants. | CASE NO. 07 CV 1143 JM (NLS)<br><br>**ORDER**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND**<br><br>**2) DIRECTING UNITED STATES MARSHAL TO SERVE COMPLAINT** |

**BACKGROUND**

　　On June 25, 2007, Plaintiff, a non-prisoner proceeding pro se, filed this civil rights action against Defendants. Plaintiff alleges claims arising under 42 U.S.C. §§ 1983, 1985, and 1986. Plaintiff has also filed a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. Plaintiff's declaration in support of the motion indicates that he is unemployed, receives income only from Social Security payments, currently owns $400 in bank accounts and cash, and that his only valuable property is a vehicle valued at $1,000 which he uses habitually as a dwelling. Therefore, the court concludes that Plaintiff is poor enough to prosecute this civil action without prepayment of fees or security.

1   Pursuant to 28 U.S.C. § 1915(e)(2), however, the court may sua sponte dismiss the action if
2   the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or
3   seeks monetary relief against a defendant who is immune from such relief.

4   The following allegations are taken from the complaint. On July 1, 2006, defendants D.
5   Hollister and five unknown police officers stopped Plaintiff in the Pacific Beach area of San Diego
6   while Plaintiff was operating a motorcycle and issued to Plaintiff a notice to appear for operating the
7   motorcycle without an endorsement in violation of California Vehicle Code § 12500. Thereafter, also
8   on July 1, 2006, the officer defendants took possession of Plaintiff's motorcycle. Defendant Rudy
9   Resch, the owner and/or manager of Star Towing, currently retains possession of Plaintiff's
10  motorcycle and "is holding it ransom." Comp. at 3:23. On July 3, 2006, Plaintiff contacted the
11  California Department of Motor Vehicles and was, according to Plaintiff, erroneously informed that
12  a motorcycle endorsement was not present in the files for Plaintiff. In a separate incident alleged to
13  have occurred on October 16, 2006, Plaintiff contends defendant D. Hollister and three unknown San
14  Diego county sheriffs arrested Plaintiff without cause while Plaintiff was attending traffic court in San
15  Diego, and transported Plaintiff to 1173 Front Street "where they did torture and rob Plaintiff of his
16  personal property." Comp. at 4:2-3.

17  **DISCUSSION**

18  To establish a prima facie case under § 1983, Plaintiff must allege that (1) the action occurred
19  under color of state law and (2) the action deprived Plaintiff of a constitutional right or a federal
20  statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v.
21  Williams, 474 U.S. 327 (1986). In making such a determination, the court must liberally construe
22  Plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

23  Plaintiff alleges § 1983 claims against defendants William Lansdowne, San Diego City Police
24  Chief, and William Kolender, sheriff for the County of San Diego, on a respondeat superior theory.
25  However, respondeat superior is not a viable theory of liability in § 1983 cases. Monell v. New York
26  City Dep't of Social Servs., 436 U.S. 658, 694 (1978). Therefore, Lansdowne and Kolender must be
27  dismissed from this case.
28  / / /

Plaintiff also alleges a claim against George Valuerde, director of the California Department of Motor Vehicles (the "DMV"), for failure to maintain proper and complete information on license operators as required by California Vehicle Code § 12811(a)(1). Plaintiff appears to be asserting a claim against Valuerde in his official capacity for both damages and injunctive relief. The DMV is an agency of the state of California. <u>See</u> Cal. Veh. Code § 1501; Cal. Gov't Code § 11000(a). Absent a waiver, the DMV therefore enjoys sovereign immunity from private suits for damages in federal court. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985); <u>State Bd. of Equalization v. Harleston</u>, 331 F.3d 699, 701 (9th Cir. 2003). In addition, the court finds that Plaintiff has failed to adequately plead a claim for injunctive relief against Valuerde in his official capacity. The DMV is not immune from private actions seeking prospective relief. <u>Ex Parte Young</u>, 209 U.S. 123 (1908). To adequately plead standing for a claim of injunctive relief, Plaintiff must allege (1) that he has sustained or is immediately in danger of sustaining some direct injury as a result of the challenged official conduct, and (2) the threatened injury is real and immediate, not conjectural or hypothetical. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101-102 (1983). The full extent of Plaintiff's prayer for injunctive relief consists of the following:

> F.R.Civ.P. #65. Plaintiff request that the entitled court grant PERMANENT INJUNCTIVE RELIEF that prevents the defendants in any way, reporting any and all information connected with this action or any illegal information suggesting bad history of the plaintiff to any organization, or electrical data storage devise [sic].

Comp. at 8:7-10. These allegations fail to satisfy the threshold pleading requirements of <u>Lyons</u>. Accordingly, be it for money damages or for injunctive relief, defendant Valuerde must also be dismissed from this case. <u>See also Walsh v. Nevada Dep't of Human Resources</u>, 471 F.3d 1033, 1036-37 (9th Cir. 2006).

As to the remaining claims and defendants, the court finds, for the purposes of § 1915(e)(2) only and without prejudice to the defendants' right to bring a subsequent dispositive motion, that Plaintiff has stated a claim upon which relief can be granted. Although defendant Resch is the owner of a private towing company and therefore he may not be a state actor who can be held liable under §§ 1983, 1985, or 1986, <u>Lugar v. Edmondson Oil Co., Inc.</u>, 457 U.S. 922 (1982), nevertheless "state action may be found if, though only if, there is such a 'close nexus between the State and the

1  challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"
2  Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (quoting
3  Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)). As to officer D. Hollister and the
4  unknown officers and deputies, the allegations, liberally construed, would support a finding that when
5  Plaintiff was arrested on October 16, 2006, Plaintiff was deprived of his Fourth Amendment right to
6  be free from unreasonable searches and seizures as well as his Fourteenth Amendment right to due
7  process of law.  To the extent, however, that Plaintiff alleges the officers' taking of Plaintiff's
8  motorcycle on July 1, 2006 was an unlawful deprivation of property without due process of law, these
9  allegations fail to state a claim because Plaintiff has available to him an adequate post-deprivation
10 remedy.  Parratt, 451 U.S. at 543-44; Hudson v. Palmer, 468 U.S. 517 (1984); Barnett v. Centoni, 31
11 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (finding that plaintiff, a prisoner, had failed to state a
12 due process claim for deprivation of property because "California Law provides an adequate post-
13 deprivation remedy for any property deprivations. *See* Cal.Gov't Code §§ 810-895.").

**CONCLUSION**

The motion to proceed IFP is **GRANTED.**  The complaint is **DISMISSED** without prejudice as to defendants Lansdowne, Kolender, and Valuerde.  As to the remaining defendants, the court finds that Plaintiff has stated a claim for purposes of § 1915(e)(2) as set forth above.  The United States Marshal shall serve a copy of the complaint, summons and this order granting Plaintiff leave to proceed in forma pauperis upon defendants as directed by plaintiff on U.S. Marshal Form 285.  All costs of service shall be advanced by the United States.

**IT IS SO ORDERED.**

DATED:  July 3, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties