UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSO BAILEY,<br><br>  Plaintiff,<br><br>v.<br><br>D. HOLLISTER ID NO. 3662; WILLIAM LANSDOWNE; RUDY RESCH; STAR TOWING; GEORGE VALUERDE; SAN DIEGO COUNTY SHERIFF DEPUTY NO. 1373; WILLIAM KOLENDER; 5 UNKNOWN POLICE AND SHERIFF DEPUTIES; STATE OF CALIFORNIA DEPARTMENT OF JUSTICE; COUNTY OF SAN DIEGO; CITY OF SAN DIEGO; SAN DIEGO COUNTY SHERIFF DEPUTIES GARDENSHIRE and D. INGRAM,<br><br>  Defendants. | Civil No.07cv1143 JM (NLS)<br><br>**ORDER GRANTING MOTION FOR ORDER COMPELLING COMPLETION OF PLAINTIFF'S DEPOSITION AND FOR ORDER ON PROPRIETY OF PLAINTIFF'S OBJECTION OR REFUSAL TO ANSWER DEPOSITION QUESTIONS**<br><br>[Doc. No. 45] |

   Defendants D. Hollister and the City of San Diego (the City) move to compel plaintiff Russo Bailey to complete his deposition and request an order on the merit of Plaintiff's refusal to answer deposition questions following his objections on the basis of relevance and/or scope as to time frame. Plaintiff did not file an opposition to this motion. The Court vacated the hearing date and took the matter under submission. For the following reasons, the Court **GRANTS** Defendants' motion to compel and **ORDERS** Plaintiff to contact Defendants to schedule the completion of his deposition, or else face possible sanctions.

/ / /

**Relevant Facts.[1]**

Defendants first started Plaintiff's deposition on June 18, 2008 at 11:00 a.m. Plaintiff, counsel for defendant County of San Diego (Stephanie Kish), and counsel for the City (Wendy Davisson) were present. Davisson asked Plaintiff many questions regarding the facts concerning his allegations. Initially, Plaintiff answered many of the questions. But he later began to challenge Davisson on her questions and question her competency. He objected to certain questions on the basis of relevance and on the basis he would not provide information as to events that occurred beyond a ten-year time span. After objecting, Plaintiff refused to answer those questions.

Between 2:30 and 3:00 p.m. on June 18, the parties stipulated to resume the deposition at 12:00 p.m. the next day. Plaintiff appeared for his continued deposition on June 19, 2008. Davisson resumed the deposition. Within half an hour, Plaintiff objected again to the questions and refused to answer them. He left the deposition at around 12:30 p.m. Kish never had the opportunity to pose any questions to Plaintiff.

Later that day, Davisson sent a letter to Plaintiff request that he contact her to schedule a time to complete his deposition. She told him that she would seek the Court's intervention, if necessary, to compel the completion of the deposition. Plaintiff never contacted Davisson to reschedule the deposition.

Davisson filed this motion to compel on July 16, 2008.

**Discussion.**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. Proc. 26(b)(1). "Relevant information need not be admissible at trial," so long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Where a party fails to cooperate in discovery, the party seeking discovery can move to compel disclosure or discovery. Fed. R. Civ. Proc. 37(a)(1). An evasive or incomplete answer in a deposition is treated as a failure to disclose. Fed. R. Civ. Proc. 37(a)(4). The party seeking discovery can move to

---

[1] The facts are based on the statements in the declarations of Wendy Davisson and Carol Pollock and on the lodged transcript of the deposition.

compel a deponent to answer a question in an oral deposition. Fed. R. Civ. Proc. 37(a)(3)(B). If the responding party still fails to cooperate, the moving party can seek sanctions. Fed. R. Civ. Proc. 37(a)(3)(A). Sanctions may also be awarded if a party fails to appear for a deposition. Fed. R. Civ. Proc. 30(d)(2).

When moving to compel attendance at a deposition or disclosure of answers at a deposition, the moving party must include a certification that it, in good faith, conferred or attempted to confer with the party who failed or who failed to disclose responses to deposition questions. Fed. R. Civ. Proc. 37(a)(1).

Here, Plaintiff never objected to the notice of deposition. He appeared for his deposition and was initially cooperative. He returned on the second day to continue with his deposition. But in response to several questions, Plaintiff stated his objections–none of which were based on privilege–and refused to answer the questions posed. Then, he abruptly left his deposition before Defendants could complete it. Davisson tried to contact Plaintiff to reschedule the deposition, and informed him she would seek the Court's intervention if necessary, but he never responded to her. Further, Plaintiff never opposed this motion to compel.

In the deposition, Davisson sought information about these general facts: the factual support for Plaintiff's various claims, identification of which defendants were involved in which events, relation of Plaintiff's allegations to the federal rights he alleges were violated, and explanation of Plaintiff's past personal and professional life experiences, including his experience with the civil and criminal justice systems. On their face, these inquiries appear relevant to Plaintiff's claims in his first amended complaint, which involve at least two events where Plaintiff interacted with law enforcement. Further, Plaintiff will have the opportunity, at a hearing or at trial, to object to the admission of any deposition testimony that would be inadmissible if the witness were present and testifying. Fed. R. Civ. Proc. 32(b).

**Order.**

Based on the information before it, this Court finds that Plaintiff's refusal to appear for his deposition and answer questions is not justified. Further, any legitimate objections Plaintiff has to the deposition questions can be addressed in his objections before trial. Therefore, this Court **ORDERS**

1 **Plaintiff** to contact Wendy Davisson of the City Attorney's Office by *__August 22, 2008__* and schedule the
2 completion of his deposition for no later than September 5, 2008.  If Plaintiff fails to schedule the
3 completion of his deposition, Defendants shall file a notice with the Court on *__August 25, 2008__* so
4 stating.  If the Court receives such notice, it will set an Order to Show Cause hearing for why Plaintiff
5 should not be sanctioned for failing to comply with his discovery obligations and for failure to follow
6 this Court's Order.

**IT IS SO ORDERED.**

DATED: August 15, 2008

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge