# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSO BAILEY,<br><br>                        Plaintiff,<br><br>vs.<br><br>D. HOLLISTER ID NO. 3662, WILLIAM LANSDOWNE, RUDY RESCH, STAR TOWING, GEORGE VALUERDE, SAN DIEGO COUNTY SHERIFF DEPUTY NO. 1373, WILLIAM KOLENDER, 5 UNKNOWN POLICE AND SHERIFF DEPUTIES,<br><br>                        Defendants. | CASE NO. 07 CV 1143 JM (NLS)<br><br>**ORDER:**<br>**1) GRANTING MOTIONS FOR SUMMARY JUDGMENT;**<br>**2) GRANTING MOTION TO DISMISS; AND**<br>**3) DENYING MOTION FOR SANCTIONS**<br><br>**Doc. Nos. 58, 61, 63, 67** |

Plaintiff, proceeding *pro se*, filed his Second Amended Complaint ("SAC" or "Complaint") on August 27, 2008, alleging various violations of 42 U.S.C. §§ 1983 and 1986. (Doc. No. 56.) Before the court are the following motions, including two by Defendants D. Hollister and the City of San Diego ("City Defendants") and one by Defendants Michelle Gardenhire, David Ingram, and the County of San Diego ("County Defendants"):

1) The City Defendants' motion for summary judgment on the Complaint, directed specifically to Plaintiff's first and second "causes of action" (Doc. No. 58);

1  2) The City Defendants' motion for summary judgment as to all Plaintiff's claims for
2     relief (Doc. No. 61);[1]
3  3) The County Defendants' motion to dismiss the Complaint under Fed. R. Civ. Proc.
4     12(b)(6) (Doc. No. 63); and
5  4) Plaintiff's motion for sanctions pursuant to Fed. R. Civ. Proc. Rule 11 (Doc. No. 67).

Plaintiff filed an opposition titled to address only the second motion listed above. (Doc. No. 67.) Given the significant overlap in the two City motions, the court liberally construes Plaintiff's opposition as responding to both City submissions. The opposition was filed October 6, 2008 *nunc pro tunc* and served sometime thereafter, beyond the deadline of September 26, 2008 set by Local C.R. 7.1(e)(2). Although the court subsequently extended the City Defendants' reply period to October 17, 2008 (Doc. No. 71), the City Defendants object to the opposition as untimely. (Doc. No. 76 at 2:4-12.) In the interest of ensuring motions are determined on the merits after full briefing, and seeing no prejudice to Defendants, the court declines to strike Plaintiff's opposition. The City Defendants filed timely reply briefs. (Doc. Nos. 75, 76.) Plaintiff filed no opposition to the County Defendants' motion.

Plaintiff objects to the City motions as untimely, as they were filed after the pre-trial motion deadline of July 31, 2008 set by Magistrate Judge Stormes and without a concurrent request for enlargement of time. (Doc. No. 16.) Prompted by this court's grant to Plaintiff of leave to file his SAC, all pre-trial dates have since been vacated. (Doc. No. 73.) Thus, the court allows the above-referenced City and County motions to proceed.

The three City and County motions were taken under submission by the court pursuant to Civil Local Rule 7.1(d)(1) on October 17, 2008. For the reasons set forth below, the court hereby **GRANTS** the City Defendants' motions for summary judgment,[2] **GRANTS** the County Defendants' motion to dismiss, and **DENIES** Plaintiff's motion for sanctions.

---

[1] Based on the City Defendants' unopposed request, the court takes judicial notice of the docket in this case, all documents previously subject to judicial notice in this case, and the "Lodgment" attached to the City's Motion (Doc. No. 61).

[2] The City Defendants move, in the alternative, to dismiss under Rule 12(b)(6), or, in the alternative, for a more definite statement under Rule 12(e). In light of the disposition on the City's motions for summary judgment, the court does not reach the Rule 12(b)(6) or 12(e) arguments.

## I. Background

Plaintiff brought this civil rights action on June 25, 2007. On July 3, 2007, the court granted Plaintiff's motion to proceed *in forma pauperis* and dismissed Plaintiff's complaint without prejudice as to defendants Lansdowne, Kolender and Valuerde. (Doc. No. 3.) On January 29, 2008, Plaintiff filed an FAC (Doc. No. 20), which was dismissed with leave to amend. (Doc. No. 50.) The court's order of dismissal defined the scope of Plaintiff's remaining federal claims to include violations of § 1983 based on alleged false arrest, false imprisonment, use of excessive force, unlawful deprivation of property without due process, and municipal liability under Monell, as well as a violation of § 1986. (Doc. No. 50.) Plaintiff subsequently filed his SAC.

The SAC contains the following factual allegations. On July 1, 2006, Plaintiff was driving his motorcycle in the Pacific Beach area of San Diego and encountered a police motorcycle parked in the roadway. (SAC at 3.) He noticed a police officer, later identified as Defendant Hollister, at the entrance of a Ralph's grocery store, facing away from the street. (SAC at 3.) As Plaintiff passed the parked police motorcycle, he raised his foot "to avoid contact with the police motorcycle" and, after passing, replaced his foot back on his motorcycle foot peg. (SAC at 3.) Defendant Hollister and an unknown San Diego City sergeant stopped Plaintiff, allegedly without cause. (SAC at 3-4.) After checking Plaintiff's driver's license, Hollister issued Plaintiff a notice to appear for operation of the motorcycle without an endorsement, in violation of California Vehicle Code § 12500. (SAC at 4.) In his Complaint, Plaintiff argues he holds a valid motorcycle endorsement. (SAC at 7.) Hollister and the unknown City sergeant took possession of Plaintiff's motorcycle and instructed Plaintiff he could contact Star Towing to claim it.[3] (SAC at 4.) Plaintiff called Star Towing later the same evening and was told the cost to recover the motorcycle was $600. (SAC at 5). Plaintiff never retrieved his motorcycle.

In a separate incident on October 16, 2006, three San Diego County Sheriff Deputies arrested

---

[3] Defendant Rudy Resch is owner and/or manager of Star Towing. The court notes Defendant Rudy Resch may be considered a state actor and thus a City Defendant. There is a "sufficiently close nexus between the State and the challenged action of the (towing company) so that the action of the latter may be fairly treated as that of the State itself." Stypmann v. City and County of San Francisco, 557 F.2d 1338, 1342 (9th Cir. 1977). Even if Resch is not considered a City Defendant, Plaintiff's case against him is dismissed under Fed. R. Civ. Proc. 4(m) for failure of service.

1  Plaintiff while Plaintiff attended traffic court at 8950 Clairemont Mesa Boulevard in San Diego. (SAC
2  at 6.)  Plaintiff was handcuffed and was "forcefully, with excess, stripped of the contents of [his]
3  pockets."  (SAC at 6.)  The County Defendants transported Plaintiff to 1173 Front Street, where he
4  was "falsely imprisoned" until the following day. (SAC at 6.) On October 17, 2006, Sheriff Kolender
5  and Kolender's deputies transported Plaintiff to a California state court at 250 Main Street in El Cajon,
6  California.  (SAC at 6.)  Plaintiff was "instructed to stand in a closet before a television with a blur
7  figure." (SAC at 6.) The "unknown woman" accompanying him did "not produce a complaint nor
8  a warrant, or respond with a reason for [his] detention." (SAC at 6.) Plaintiff was then transported
9  back to 1173 Front Street and "falsely imprisoned" for another four days. (SAC at 6.)  He was
10 "expelled from the County Jail" on October 21, 2006. (SAC at 6.) Later that morning, upon returning
11 to 8950 Clairemont Mesa Boulevard to retrieve his vehicle, he found it had been "vandalized by the
12 Unknown Police Deputies" on state property. (SAC at 6.)  "The automatic transmission fluid was
13 drained out and was not on the ground below the Plaintiff's Vehicle.  The vehicle engine would start
14 and run but the transmission would not engage." (SAC at 7.)

15      As the County Defendants aptly note, Plaintiff's two "causes of action" are more appropriately
16 considered as factual support for his "claims for relief."  The court therefore construes Plaintiff's
17 complaint as directed to § 1983 claims based on municipal liability under <u>Monell</u> (claim 1), false
18 arrest and false imprisonment (claim 2), and use of excessive force and unlawful deprivation of
19 property without due process (claim 4), a claim under 42 U.S.C. § 1986 (claim 3), and state law claims
20 arising under Cal. Civ. Code § 52.1 (claim 5) and respondeat superior theories (claim 6).

21
22 **II.    City Defendants' Motions for Summary Judgment**
23      **A. Legal Standards**
24      A motion for summary judgment shall be granted where "there is no genuine issue as to any
25 material fact and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P.
26 56(c); <u>British Airways Bd. v. Boeing Co.</u>, 585 F.2d 946, 951 (9th Cir. 1978), <u>cert. denied</u>, 440 U.S.
27 981 (1979).  The moving party bears the initial burden of informing the court of the basis for its
28 motion and identifying those portions of the file it believes demonstrate the absence of a genuine issue

1  of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Rule 56 contains "no express
2  or implied requirement . . . that the moving party support its motion with affidavits or other similar
3  materials negating the opponent's claim." Id. The opposing party cannot rest on mere allegations or
4  denials of a pleading, but must "go beyond the pleadings and by [the party's] own affidavits, or by the
5  'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that
6  there is a genuine issue for trial.'" Id. at 324 (citation omitted). The opposing party also may not rely
7  solely on conclusory allegations unsupported by factual data. Taylor v. List, 880 F.2d 1040, 1045 (9th
8  Cir. 1989).

9      The court must examine the evidence in the light most favorable to the non-moving party.
10 United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Any doubt as to the existence of any issue
11 of material fact requires denial of the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255
12 (1986). On a motion for summary judgment, when "'the moving party bears the burden of proof at
13 trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence
14 were uncontroverted at trial.'" Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992) (quoting Int'l
15 Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264-65 (5th Cir. 1991), cert. denied, 502 U.S. 1059
16 (1992)).

17

18     **B.    Analysis**
19         **1.    Municipal Liability under Monell**

20     The City Defendants move for summary judgment as to Plaintiff's § 1983 Monell claim for
21 municipal liability. A municipality may be liable under § 1983 only where "action pursuant to official
22 municipal policy of some nature caused a constitutional tort." Monell v. New York City Dep't of Soc.
23 Serv., 436 U.S. 658, 691 (1978). As discussed below, Plaintiff fails to allege a constitutional
24 violation. In addition, Plaintiff fails to allege a "policy statement, ordinance, regulation, or decision
25 officially adopted and promulgated" by City officials. Id. at 690; see also Trevino v. Gates, 99 F.3d
26 911, 918 (9th Cir. 1996). The court therefore grants summary judgment in favor of the City
27 Defendants on the Monell claim.

28

### 2.     **False Arrest and False Imprisonment**

For the July 1, 2006 incident, Plaintiff makes a claim for false arrest, and for the October 16, 2006 incident, he alleges he was subject to false arrest and false imprisonment. Plaintiff conceded in his deposition[4] no City Defendants were involved in his arrest on October 16 or his subsequent incarceration. (Doc. No. 58 at 18:8-15.)

With respect to the July 1 event, Plaintiff fails to allege facts demonstrating he was arrested by Defendant Hollister. In fact, Plaintiff testified under oath he was not arrested when he was pulled over in Pacific Beach. (Doc. No. 61 at 11:11-15 and 12:10-12). Without an arrest, there can be no issue of material fact regarding a lack of cause for the arrest, and Plaintiff's claim therefore fails. The court grants summary judgment in favor of the City Defendants on the claims for false arrest and false imprisonment.

### 3.     **Claim under 42 U.S.C. § 1986**

Plaintiff's third claim alleges a violation of § 1986 by the City Defendants. "Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) (citation omitted). A plaintiff can only state a claim under § 1986 if the plaintiff alleges a valid claim under § 1985. Id. Section 1985 prohibits, inter alia, conspiracy "for the purpose of depriving, either directly or indirectly, any person . . . of the equal protection of the laws[.]" 42 U.S.C. § 1985(3). To state a claim for violation of § 1985(3), a plaintiff must allege four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992). The second element additionally requires a plaintiff to "demonstrate a deprivation of that right motived by 'some racial, or perhaps otherwise class-based,

---

[4] Plaintiff's sworn deposition testimony, taken during discovery in this case, is appropriately considered on a motion for summary judgment. Fed. R. Civ. Proc. 56(e)(1).

invidiously discriminatory animus behind the conspirators' action.'" Id. (quoting Griffith v. Breckenridge, 403 U.S. 88, 102 (1971)).

Here, Plaintiff's allegations related to conspiracy are largely conclusory. He alleges Defendants "are responsible for 'the unknown police deputies' that witness the civil rights violations and made no attempt to intervene or to prevent" such acts. (SAC at 9.) Notably, Plaintiff's § 1986 claim does not allege any deprivation of rights was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Sever, 978 F.2d at 1536 (internal quotation marks omitted). Despite the court's directive in its prior order, Plaintiff fails to address these deficiencies in his SAC. (Doc. No. 50.) The court grants summary judgment in favor of the City Defendants on Plaintiff's § 1986 claim.

### 4. Use of Excessive Force and Unlawful Deprivation of Property

Although Plaintiff's fourth claim is entitled "excessive force," it appears to make a claim only for unlawful deprivation of property without due process.[5] For the reasons set forth in the court's August 12 order (Doc. No. 50), Plaintiff fails to state a viable due process claim related to the taking of his motorcycle on July 1, 2006. As discussed above, Plaintiff fails to demonstrate any City Defendants were involved in any alleged excessive force or unlawful deprivation during his October 16 arrest or subsequent incarceration. Finally, Plaintiff does not identify specific City Defendants who allegedly damaged his vehicle during his October 16-21 incarceration. The court grants summary judgment for the City Defendants on the claims for excessive force and unlawful deprivation of property without due process.

### 5. State Law Claims

Plaintiff's fifth claim alleges a state law violation of Cal. Civ. Code § 52.1, predicated on violations of the United States and California Constitutions, and his sixth claim asserts liability of the

---

[5] In fact, Plaintiff admits in his deposition Defendant Hollister used no force against him during the July 1, 2006 traffic stop. (Doc. No. 61 at 15:14-15.)

1  San Diego Police Department[6] and the City of San Diego under a theory of respondeat superior.  As
2  courts of limited jurisdiction, federal courts are under a continuing duty to confirm their jurisdictional
3  power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence...." Mt.
4  Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977)(citations omitted).  In light
5  of Plaintiff's failure to state any federal claims, the court declines to exercise supplemental jurisdiction
6  and does not reach the merits of the state law claims.  United Mine Workers v. Gibbs, 383 U.S. 715
7  (1966).  Thus, these claims are dismissed without prejudice.  See Gini v. Las Vegas Metropolitan
8  Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994).

**III.   County Defendants' Motion to Dismiss**

   **A.   Legal Standards**

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) dismissal is proper only in "extraordinary" cases.  United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  In evaluating a 12(b)(6) motion, the court must accept the complaint's allegations as true and construe them in the light most favorable to Plaintiff.  See, e.g., Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996).  The court should grant 12(b)(6) relief only where the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (U.S. May 21, 2007) (allegations must provide "plausible grounds to infer" that plaintiff is entitled to relief).  In testing the complaint's legal adequacy, the court may consider material properly submitted as part of the complaint or subject to judicial notice.  Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).

Where a plaintiff in a civil rights case appears *in propria persona*, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt.  Karim-Panaki v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1998).  Nevertheless, the court may not "supply essential elements of claims that were not initially pled."  Ivey v. Bd. of Regents of the Univ. of Alaska, 673

---

[6]The court notes the San Diego Police Department is not a defendant in this case.

1  F.2d 266, 268 (9th Cir. 1982). A complaint's "[v]ague and conclusory allegations of official
2  participation in civil rights violations" will not survive a motion to dismiss. Id.; see also Jones v.
3  Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts
4  are insufficient to state claim under § 1983). Instead, "[t]he plaintiff must allege with at least some
5  degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Id.
6  (internal quotation marks omitted).

**B.     Analysis**

   **1.     Municipal Liability under Monell**

The County Defendants move to dismiss Plaintiff's § 1983 Monell claim for municipal liability. As discussed above, see section II.B.1, *supra*, Plaintiff fails to allege a constitutional violation and fails to allege facts demonstrating any County policy or regulation is responsible for such violation. The court therefore dismisses Plaintiff's Monell claim against the County Defendants.

   **2.     False Arrest and False Imprisonment**

Plaintiff bases his claims on the July 1 (false arrest) and October 16 (false arrest and false imprisonment) incidents. As a first consideration, Plaintiff provides no facts linking any County Defendant to the July 1 event.

Plaintiff alleges County Defendants Gardenhire and Ingram falsely arrested him without a warrant on October 16, 2006, and falsely imprisoned him from October 16-21, 2006. (SAC at 8.) Neither these contentions nor any others in the SAC establish the circumstances of the arrest and imprisonment. This deficiency alone warrants dismissal of the claims.

The County Defendants argue the claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), as arising out of Plaintiff's prior conviction in People v. Bailey, San Diego Superior Court Case No. C245556 (hereinafter "Case No. C245556"). In Heck, the Supreme Court held,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness could render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus.

Id. at 486-87. A damages claim bearing a direct relationship to the length or validity of a sentence that has not already been shown to be invalid is not cognizable under § 1983. Id. at 487. Claims potentially barred by Heck include wrongful arrest and false imprisonment. See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (wrongful arrest cannot have occurred unless the defendant "were innocent of the crimes for which he was convicted"); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (1998) ("To prevail on his § 1983 claim for false arrest and imprisonment, [plaintiff] would have to demonstrate that there was no probable cause to arrest him.").

In its dismissal of Plaintiff's FAC, the court instructed Plaintiff to set forth sufficient allegations to inform the court and Defendants whether his claims are based upon an arrest in Case No. C245556 or whether another basis for the claim exists. (Doc. No. 50.) Rather than addressing the court's directive, Plaintiff removed all reference to Case No. C245556 in his SAC. The court relies on the People v. Bailey case documents previously subject to judicial notice in this case, and finds Plaintiff's claim on the October 16 incident barred by Heck.

The court therefore grants the County Defendants' motion to dismiss on the false arrest and false imprisonment claims.

### 3.     Claim under 42 U.S.C. § 1986

Plaintiff's third claim alleges a violation of § 1986 by the County Defendants. For the same reasons discussed with respect to the City's motions (section II.B.3., *supra*), Plaintiff's claim fails. The County Defendants' motion to dismiss is granted on the § 1986 claim.

### 4.     Use of Excessive Force and Unlawful Deprivation of Property

In support of Plaintiff's claim for excessive force based on his October 16, 2006 arrest, he contends "[t]hree San Diego Sheriffs...grabbed my arms and handcuffed me" and that he was then "forcefully, with excess, stripped of the contents of [his] pockets." (SAC at 6.) However, as the authorities relied on by the County Defendants make clear, handcuffing an arrestee under such circumstances is "objectively reasonable" and does not qualify as excessive force. See Walker v. Benter, 41 F.Supp.2d 1067, 1074-75 (C.D.Cal. 1999); Davenport v. Rodriguez, 147 F.Supp.2d 630,

637 (S.D.Tex. 2001). Though reasonableness questions are usually reserved for jury consideration, "defendants can still win on summary judgment if the district court concludes after resolving all facts in favor of the plaintiff, that the officer's use of force was objectively reasonable under the circumstances." Alexander v. County of Los Angeles, 64 F.3d 1315, 1322 (9th Cir. 1995). Since Plaintiff alleges no additional relevant facts, the court finds excessive force was not used during his arrest and incarceration and grants the County Defendants' motion to dismiss on Plaintiff's excessive force claim.

On the unlawful deprivation issue, Plaintiff provides no facts linking any County Defendant to the taking of his motorcycle by Officer Hollister on July 1. In addition, Plaintiff fails to identify any specific County Defendants involved in the alleged "vandaliz[ing]" of his vehicle during his October 16-21 incarceration. The court therefore grants the County Defendants' motion to dismiss on Plaintiff's claim for unlawful deprivation of property.

### 5.  State Law Claims (Fifth and Sixth Claims for Relief)

As discussed above, without any viable federal claims, the court lacks jurisdiction to hear Plaintiff's state law claims. The court therefore grants the County Defendants' motion to dismiss on Plaintiff's claims under Cal. Civ. Code § 52.1 and respondeat superior theories and dismisses the claims without prejudice.

## IV.  Plaintiff's Motion for Sanctions

### A.  Legal Standards

Pursuant to Rule 11(c)(1), the court may impose sanctions upon an attorney who presents to the court a pleading, written motion, or other paper "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," FRCP 11(b)(1). A motion for sanctions "must describe the specific conduct that allegedly violates Rule 11(b)." FRCP 11(c)(2). Furthermore, pursuant to Rule 11's safe harbor requirement, a party seeking sanctions must give the opposing party 21 days after service of the motion to "withdraw or appropriately correct[]" the challenged document. FRCP 11(c)(2). Courts "enforce this safe harbor provision strictly" and will

1  not impose sanctions "when the challenging party failed to comply with the safe harbor provisions,
2  even when the underlying filing is frivolous." Holgate v. Baldwin, 425 F.3d 671, 678 (9th Cir. 2005);
3  see also Foster v. Wilson, 504 F.2d 1046, 1052 ("before sanctions may be imposed upon a party there
4  must be sufficient, advance notice of exactly which conduct was alleged to be sanctionable" (internal
5  quotation marks omitted)).

### B.  Analysis

Plaintiff seeks Rule 11 sanctions on the ground that Defendants filed their motions to dismiss in bad faith. He objects to references to alleged prior criminal proceedings against him. While he raises numerous evidentiary objections, he fails to provide evidence of bad faith. Furthermore, Plaintiff has not demonstrated that he complied with Rule 11's safe harbor provision. The court therefore **DENIES** Plaintiff's request for Rule 11 sanctions.

### V.  Conclusion

For the foregoing reasons, the court hereby **GRANTS** the City Defendants' motions for summary judgment (Doc. Nos. 58 and 61), **GRANTS** the County's motion to dismiss (with prejudice on the federal claims and without prejudice on the state law claims) (Doc. No. 63), and **DENIES** Plaintiff's motion for sanctions (Doc. No. 67). As this ruling disposes of all claims, the Clerk of Court is instructed to close the case file.

**IT IS SO ORDERED.**

DATED: November 3, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:  All parties